IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION AT CHATTANOOGA

| | |
|---|---|
| CHUBB NATIONAL INSURANCE COMPANY as subrogee of MARK and KAREN JONAKIN, h/w, | ) ) ) |
| PLAINTIFF, | ) Civil Action No. 1:13-cv-187 ) ) |
| v. | ) Judge Collier ) ) Magistrate Judge Lee |
| PENTAIR, INC., PENTAIR FILTRATION, INC., PENTAIR WATER TREATMENT COMPANY d/b/a OMNIFILTER, PENTAIR RESIDENTIAL FILTRATION, LLC, STA-RITE INDUSTRIES, LLC a/k/a PENTAIR FLOW TECHNOLOGIES, JOHN DOE 1 and JOHN DOE 2, | ) ) Jury Demand ) ) ) ) ) ) ) ) |
| DEFENDANTS. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS PENTAIR, INC., PENTAIR FILTRATION, INC., PENTAIR WATER TREATEMENT COMPANY AND PENTAIR RESIDENTIAL FILTRATION, LLC FOR SUMMARY JUDGMENT**

COME Defendants PENTAIR, INC., PENTAIR FILTRATION, INC., PENTAIR WATER TREATMENT COMPANY and PENTAIR RESIDENTIAL FILTRATION, LLC (collectively the "Pentair Defendants") and offer this Memorandum of Law in support of their Motion for Summary Judgment, ECF Doc. No. 18.

**INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff filed suit against a number of defendants, including the Pentair Defendants and Sta-Rite Industries, LLC ("Sta-Rite") alleging that its insured suffered damages as a result of defects in an OMNIFilter undersink water filter (the "Filter"). *See generally* Compl., ECF Doc. No. 1. Plaintiff appears to allege—and at least for summary judgment purposes the Pentair Defendants do not dispute—that the Filter was manufactured on November 24, 2003. Compl. ¶

16. In its Complaint, Plaintiff does not identify which of the defendants allegedly manufactured the Filter; rather, it directs strict liability, negligence and failure to warn claims at all defendants. *Id.* at ¶¶ 24-39.

Sta-Rite manufactured the Filter. Aff. of Terry Vreeke, ECF Doc. No. 18-1, at ¶ 5. In late 2003, when Sta-Rite manufactured the Filter, there was no relationship between any Pentair entity and Sta-Rite. *Id.* at ¶ 6. Similarly, in late 2003, no Pentair entity had any relationship to any OMNIFilter product. *Id.* Because of this lack of connections, no Pentair Defendant had any involvement with the design, manufacture or sale of the Filter. *Id.* at ¶ 7.

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Once the moving party has met its initial burden, the burden of production shifts to the nonmoving party. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with specific facts showing there is a *genuine issue* for trial." *Matushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (emphasis supplied, internal citations and quotation marks omitted). In the

---

1. Rule 56 was amended in 2010 to replace the phrase "genuine issue of material fact" with the phrase "genuine dispute as to any material fact." Although much of the case law discusses "genuine issues of material fact," this difference has no effect, as the amendment "carries forward the summary-judgment standard expressed in former subdivision (c)." Fed. R. Civ. P. 56 2010 advisory committee note.

2

Sixth Circuit, "the nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment." *Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).

## II. PLAINTIFF CANNOT TIE ANY PENTAIR DEFENDANT TO THE FILTER

The Pentair Defendants have carried their burden of proving that they did not design, manufacture or sell the Filter. Because the Pentair Defendants did not design, manufacture or sell the Filter, Plaintiff may not maintain a product liability action against them. Plaintiff's Amended Complaint states three causes of action against the Pentair Defendants: strict product liability, negligence and failure to warn. Plaintiff cannot, however, prove any of these claims against any of the Pentair Defendants.

The Tennessee Products Liability Act of 1978 only contemplates strict products liability actions against manufacturers and sellers of defective products. Tenn. Code. Ann. § 29-28-105 (2011). Even where a product liability defendant has some connection to the product and the plaintiff's injuries, courts have held that summary judgment is appropriate if the defendant is not a manufacturer or seller of the allegedly defective product. For instance, in *Langford v. Gatlinburg Real Estate & Rental, Inc.*, 499 F. Supp. 2d 1049 (E.D. Tenn. 2007), the plaintiff, who had suffered property damage as a result of a fire at her vacation home, sued various defendants alleging that a hot tub at the home was defective and had caused the fire. *Id.* at 1044. The plaintiff sued, among other parties, the property manager of the home. *Id.* Despite the plaintiff's allegation that the property manager "had notice of the defective condition" of the hot tub, the court held that summary judgment in favor of the property manager was appropriate because the property manager "was neither the manufacturer nor the distributor of the subject hot tub." *Id.* at 1053. Unlike the *Langford* property manager, who had presumably seen the hot tub

and had even allegedly inspected it, none of the Pentair Defendants had any involvement of any kind with the Filter. There is simply no legal basis for a product liability action against the Pentair Defendants.

Even though the Pentair Defendants admittedly became involved, at least tangentially, with Sta-Rite after the manufacture of the Filter, no post-sale involvement can support a product liability cause of action against any Pentair Defendant. Tennessee courts have never recognized any post-sale duties of product manufacturers or sellers. *Flax v. DaimlerChrysler Corp.*, 272 S.W.3d 521, 541 (Tenn. 2008) (collecting cases). Against this backdrop, there is no basis for imposing product liability duties on companies like the Pentair Defendants who are *not* manufacturers or sellers but rather became involved with the actual manufacturer and seller after the sale of the Filter.

## CONCLUSION

There is no evidence in the record that any of the Pentair Defendants designed, manufactured or sold the Filter. As a result, Plaintiff may not maintain a product liability action against them. Defendants PENTAIR, INC., PENTAIR FILTRATION, INC., PENTAIR WATER TREATMENT COMPANY and PENTAIR RESIDENTIAL FILTRATION, LLC respectfully request that the Court grant their Motion, dismiss Plaintiff's claims against them with prejudice and enter judgment in their favor.

Dated this 5th day of August, 2013.

Respectfully submitted,

LEWIS, KING, KRIEG & WALDROP, P.C.

By:/s/ Ryan N. Clark
J. Randolph Bibb, Jr., B.P.R. No. 09350
Ryan N. Clark, B.P.R. No. 29105
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, Tennessee 37219
(615) 259-1366 (phone)
(615) 259-1389 (fax)

*Attorneys for Defendants*

## Certificate of Service

The undersigned hereby certifies that a true and exact copy of the foregoing Memorandum has been served upon the counsel for parties in interest herein by operation of the Court's electronic case filing system:

| | |
|---|---|
| George M. Derryberry, Esq. | J. Benjamin Staherski, Esq. |
| LAW OFFICE OF GEORGE M. DERRYBERRY | WHITE AND WILLIAMS LLP |
| 651 East Fourth Street, Suite 401 | One Liberty Place, Suite 1800 |
| Chattanooga, Tennessee 37403 | Philadelphia, Pennsylvania 19103 |
| derryberrylaw@epbinternet.com | staherskib@whiteandwilliams.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

Dated this 5th day of August, 2013.

/s/ Ryan N. Clark
Ryan N. Clark